893 So.2d 595 (2005)
In the Interest of V.M., R.M., and R.M., Minor Children.
N.M., mother; M.M., father; and Guardian Ad Litem, Appellants,
v.
Department of Children and Family Services, Appellee.
Nos. 2D03-5107, 2D03-5117, 2D03-5177.
District Court of Appeal of Florida, Second District.
January 5, 2005.
Rehearing Denied February 14, 2005.
*596 Frank D.L. Winstead of Winstead Law Offices, New Port Richey, for Appellants N.M. and M.M.
Christina Clemenson, Clearwater, for Appellant Guardian Ad Litem.
Bernie McCabe, State Attorney, and Katherine V. Scott, Assistant State Attorney, Clearwater, for Appellee.
ALTENBERND, Chief Judge.
N.M. (Mother) and M.M. (Father) appeal an order terminating their parental rights to three children. We conclude that the trial court erred in terminating the parental rights of the Father. Although the evidence supported a termination of the Mother's parental rights, our reversal as to the Father invokes the requirements of section 39.811(6), Florida Statutes (2003). That statute requires a court to consider additional factors when terminating one parent's rights without terminating the rights of the other parent. Based on this record, we cannot determine the factual question of whether this is a case in which it is appropriate to terminate the rights of only one parent. Accordingly, we reverse the termination as to both parents and remand for further proceedings.
This is a difficult case that involves an unusual set of circumstances. The three children involved are between the ages of seven and twelve. They are bonded to one another and to their parents. Unfortunately, the Mother suffers from a severe addiction to cocaine. The two younger children are twins and were born cocaine positive. As a result, the family has been the subject of a dependency proceeding since the birth of the twins. The Mother's cocaine addiction has also resulted in the divorce of the parents.
The Father has a history of, at least, limited drug and alcohol abuse. The Department is concerned that he may react excessively to misbehavior by the children, but there is nothing in this record that would justify this concern. He runs a successful business, earning approximately $100,000 annually. He is completely able and willing to provide economically for these children and employs a nanny to assist in their care.
The Father was making progress on a case plan in 2002. As a result, the twins were returned to his custody. Shortly thereafter, bruising was discovered on the buttocks of one of the twins. The Department believed that the Father had abused the child and removed both children to shelter. These termination proceedings commenced in significant part because of this incident. At trial, however, the foster parent for the twins testified that the bruise was the result of a fall the boy took while ice skating when he was in foster care.
In both the trial court and in this court, the two guardians ad litem have staunchly maintained that the Father should be given more time to fulfill a case plan and that the manifest best interests of the children would not be achieved by terminating parental rights, especially without an alternative placement plan.
The Department's petition alleged grounds for termination of parental rights under section 39.806(1)(c), Florida Statutes (2003), claiming the parents engaged in conduct toward the children that continues to threaten the life, safety, well-being, or *597 physical, mental, or emotional health of the children irrespective of the provision of services and, under section 39.806(1)(e), claiming the parents failed to substantially comply with their case plans. We conclude that there was not clear and convincing evidence supporting termination of the Father's parental rights on either ground. See R.W.W. v. Dep't of Children & Families (In re C.W.W.), 788 So.2d 1020, 1023 (Fla. 2d DCA 2001) (citing Padgett v. Dep't of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991)).
The Department failed to present evidence that the children's lives, safety, or health would be threatened by continued interaction with the Father regardless of any services. In fact, the Father presented evidence to the contrary, showing that he had undergone extensive therapy. He buttressed this evidence with testimony from the guardians ad litem and his counselors that he had demonstrated substantial improvement in his parenting skills and had the motivation to improve further. The trial court erred in terminating the Father's parental rights under section 39.806(1)(c) when improvement was demonstrated and further improvement was possible. See M.H. v. Dep't of Children & Families, 866 So.2d 220, 222-23 (Fla. 1st DCA 2004) (holding that in order to terminate under section 39.806(1)(c), the trial court must show that the children's welfare would continue to be threatened by the parent regardless of the provision of services and that there is no reasonable basis to believe the parent will improve).
As to termination pursuant to section 39.806(1)(e), the trial court found that the Father failed to substantially comply with his case plans, specifically articulating that he failed to attend domestic violence counseling and parenting classes. However, the record shows that the Father had substantially complied with his case plans and had in fact completed all of his required domestic violence and parenting classes with no evidence suggesting otherwise.
Having concluded that the Father's rights were, at least, prematurely terminated, we are confronted by the Mother's status. The Department unquestionably presented clear and convincing evidence establishing grounds for a termination of her rights. However, the trial court did not consider the factors in section 39.811(6), which govern the termination of only one parent's rights. The trial court did not consider these factors because they were not relevant to the trial court's decision to terminate both parents' rights. Now that we have reversed the termination as to the Father, these factors have become relevant.
If the Father eventually succeeds in obtaining custody of his children, then the decision to terminate the Mother's rights would require a very different evaluation of the best interests of the children. For example, it might not be necessary to terminate her rights if the Father gains sole custody of the children and the Mother is granted only limited supervised visitation with the children. We cannot make a decision at this time regarding the requirements of section 39.811(6) and do not mandate any specific decision by the trial judge. We do not reverse the trial court's determination that the Department established grounds for the termination of the Mother's rights. We merely reverse that termination so that the trial court can make a proper decision under section 39.811(6) at a later point in these proceedings.
Affirmed in part, reversed in part, and remanded.
DAVIS and WALLACE, JJ., concur.